# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARTIN'S POTATO CHIPS, INC., | : | |
| | : | CIVIL ACTION NO._____ |
| Plaintiff | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| OLD LYME GOURMET COMPANY, | : | |
| d/b/a DEEP RIVER SNACKS, | : | |
| | : | |
| Defendant | : | |

## COMPLAINT

Plaintiff Martin's Potato Chips, Inc. ("Martin's"), for its complaint against Defendant Old Lyme Gourmet Company, d/b/a Deep River Snacks ("Deep River") for trademark infringement, false designation of origin and unfair competition, pleads and alleges as follows:

## NATURE AND BASIS OF THE ACTION

1. This action is brought by Martin's against Deep River under the Lanham Act, 15 U.S.C. §§ 1114, 1119 and 1125, and state law, seeking preliminary and permanent injunctive relief, profits, damages and other relief relating to Deep River's unauthorized use of Martin's registered trademark. Martin's is the owner of the following design mark:



(the "Mark") and holds federal registration for this design in International Class 29.  Martin's uses the Mark in connection with the sale and promotion of potato chips and other snack foods throughout Pennsylvania, New York, and Maryland.

    2.    Deep River uses a confusingly similar kettle design (the "Infringing Design") on its potato chip and snack food packaging:

**Deep River Snacks' Kettle**

    3.    Deep River has used the Infringing Design, and, unless enjoined, will continue to use the Infringing Design in the sale and promotion of potato chips and other snack foods without Martin's authorization.

4.  The use by Deep River of the Infringing Design in the sale and promotion of potato chips and snack foods infringes the Mark and unlawfully trades on the goodwill and reputation Martin's has established through its use and promotion of the Mark.  Deep River's infringement of the Mark is likely to cause consumers to be confused or mistaken into believing that Deep River's potato chips and other snack foods originate with, emanate from, or are otherwise associated with, Martin's or are the source of those services.

5.  Unless such acts of infringement, false designation of origin and unfair competition are enjoined, Martin's will suffer irreparable injury for which there is no adequate remedy at law.

## **PARTIES**

6.  Martin's is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business at Thomasville, York County, Pennsylvania.  Martin's is a manufacturer of snack foods, including potato chips.

7. On information and belief, Old Lyme Gourmet is a corporation organized under the laws of Connecticut, and registered to do business in 2002. Old Lyme Gourmet does business under the name Deep River, and has a business address of 16 Grove Street, Deep River, CT 06417.

## JURISDICTION AND VENUE

8. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §§ 1331, 1338 because Martin's claims for violations of the Lanham Act, Title 15 of the United States Code, arise under federal law. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Martin's state law claims because those claims are so related to the federal claims that they form part of the same case or controversy.

9. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391, 1400 because Deep River sells potato chips and other snack foods in the Commonwealth of Pennsylvania, and because the impact of Deep River's misconduct is felt in this District.

## ALLEGATIONS COMMON TO ALL CLAIMS

10. Since 1941, Martin's has been manufacturing and selling kettle cooked potato chips in Thomasville, York County, Pennsylvania.

11. Through the years, Martin's has added other products to its kettle cooked products.

12. Martin's products are now sold throughout most of Pennsylvania, and in New York, New Jersey, Maryland and Virginia.

13. The kettle design on Martin's products is a widely-recognized symbol of Martin's goodwill and is the subject of a federal trademark registration. See below.



14. In particular, Martin's owns, uses and has used the federally registered trademark, U.S. Registration No. 1,626,144, in connection with the sale of its potato chips and other snacks, since 1976. Martin's obtained federal trademark protection on December 4, 1990. A true and correct copy of the certificate of registration issued by the United States Patent and Trademark Office for the foregoing Mark is attached as Exhibit A.

15. By virtue of Martin's substantial use and promotion of the Mark, the Mark has become well-known, has become distinctive of Martin's snack products, and has come to serve to identify and indicate the source of

Martin's products. Martin's has developed for itself and its products an excellent reputation for quality.

16. Martin's has acted with diligence in policing the unauthorized use and misuse by other parties of trademarks similar to or identical to the Mark when such uses have come to Martin's attention.

17. Deep River is engaged in the sale of potato chips and snacks of the type provided by Martin's. Deep River operates an Internet web site at [www.deepriver.com](www.deepriver.com), at which those products are described.

18. Martin's believes that Deep River began using the Infringing Design on its products in 2014, after Martin's had obtained a federal trademark registration for the Mark.

19. On information and belief, Deep River advertises and promotes its products in Pennsylvania, Ohio, Michigan, New York, New Jersey, Delaware, Massachusetts, Connecticut, New Hampshire, Virginia and North Carolina, among others.

20. Deep River has not now and never has been authorized by Martin's to use the Infringing Design in connection with its sale of potato chips and other snack products.

21. On information and belief, as a result of Deep River's infringing and unlawful conduct, there has been actual confusion among consumers.

22. Deep River's use of the Infringing Design is likely to cause, and is causing, confusion, mistake or deception of consumers as to the source or origin of its snack products. Actual consumers, and others, upon encountering Deep River's snack products bearing the Infringing Design, are likely to mistakenly believe, and will, in fact, believe that those snack products originate with, are licensed, approved, or sponsored by, or are otherwise affiliated with or related to Martin's.

23. On February 20, 2015, counsel for Martin's sent a notice to counsel for Deep River asserting that Deep River's use of the Infringing Design in connection with its sale of snack products infringed Martin's trademark rights, and demanded that Deep River cease its use of the Infringing Design. On March 2, 2015, Deep River's counsel sent a letter to Martin's counsel rejecting Martin's demands. On April 20, 2015, counsel for Martin's reiterated its demands, which counsel for Deep River rejected by letter dated May 1, 2015.

24. Deep River's acts are causing and, unless enjoined, will continue to cause damage and irreparable harm to Martin's and to its valuable reputation and goodwill with consumers. Such irreparable harm will continue unless and until Deep River's conduct described above is enjoined.

## **COUNT ONE**

### **(Trademark Infringement in Violation of 15 U.S.C. § 1114)**

25. Martin's incorporates by reference and re-alleges each allegation set forth in paragraphs 1-24, above.

26. This claim is for infringement of trademarks registered in the United States Patent and Trademark Office, pursuant to Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)(a), as amended.

27. Deep River's use of the Infringing Design in connection with the sale of potato chips and other snack products has caused, and will further cause, a likelihood of confusion, mistake and deception as to the approval, sponsorship, license, source or origin of Martin's potato chips and snack products.

28. On information and belief, Deep River's acts of trademark infringement have been and, unless enjoined, will be done willfully and deliberately and Deep River has profited and been unjustly enriched or, unless enjoined, will profit and be unjustly enriched thereby.

29. Deep River's acts described above have caused injury and damages to Martin's, and have caused and, unless enjoined, will cause irreparable injury to Martin's goodwill and will continue to cause further irreparable injury, whereby Martin's has no adequate remedy at law.

## COUNT TWO

### (False Designation of Origin and Unfair Competition in Violation of 15 U.S.C. § 1125(a))

30. Martin's incorporates by reference and re-alleges each allegation set forth in paragraphs 1-24, above.

31. This claim is for false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

32. Deep River has engaged and is engaging in acts of unfair competition through the use of false designations of origin and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

33. Deep River has used and is using the Infringing Design in connection with the advertisement and sale of potato chips and other snack products.  Accordingly, Deep River has made and is making false express and implied representations that its products originate with, are associated with, and/or are endorsed by Martin's in such a manner as to create a likelihood of confusion among Martin's and Deep River's customers.

34. On information and belief, Deep River's acts of false designation of origin and unfair competition have been and, unless enjoined, will be done willfully and deliberately and Deep River has profited and been unjustly enriched and, unless enjoined, will profit or be unjustly enriched thereby.

35. Deep River's acts described above have caused injury and damages to Martin's, and have caused and, unless enjoined, will cause irreparable injury to Martin's goodwill and reputation, and will continue to cause further irreparable injury, whereby Martin's has no adequate remedy at law.

## COUNT THREE

## (Common Law Trademark
## Infringement and Unfair Competition)

36. Martin's incorporates by reference and re-alleges each allegation set forth in paragraphs 1-24, above.

37. Deep River's use of the Infringing Design is in violation of the common law, including the common law of the Commonwealth of Pennsylvania, because it constitutes willful and deliberate trademark infringement and unfair competition. In particular, Deep River is using the Infringing Design in commerce for its own commercial benefit in a manner that is likely to and, in fact, has caused confusion or mistake among consumers in the marketplace.

38. Martin's use of its Mark predates any alleged use of the Infringing Design by Deep River in the United States.

39. By Deep River's use of the Infringing Design, Deep River has infringed upon the Mark in violation of Pennsylvania law.

40. Deep River's use of the Infringing Design is without Martin's consent.

41. Upon information and belief, Deep River's conduct as set forth herein has been and continues to be willful, deliberate and in bad faith.

42. Deep River's use of the Infringing Design has caused, or is likely to cause, confusion, mistake, or deception as to the affiliation, connection, or association of Deep River's potato chips and other snack products with those of Martin's, and is likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of such services.

43. On information and belief, Deep River has received revenues and profits as a result of its unauthorized use of the Infringing Design, to which Deep River is not entitled, and Martin's has suffered other damages as a result of Deep River's unauthorized use, for which Deep River is responsible.

44. Martin's has suffered and will continue to suffer actual and irreparable harm and damage as a result of Deep River's willful acts alleged herein. Unless enjoined, Deep River will continue to use the Infringing Design, further injuring Martin's and confusing the public.

## **PRAYER FOR RELIEF**

WHEREFORE, Martin's prays that this Court enter final judgment and permanent injunctive relief in its favor and against Deep River as follows:

A. Awarding Martin's temporary, preliminary and permanent injunctive relief restraining Deep River, its officers, directors, agents,

employees, servants, attorneys, successors, assigns and others controlling, controlled by or affiliated with it and all those in privity or active concert or participation with any of the foregoing, and all those who receive actual notice by personal service or otherwise, from directly or indirectly:

    (i)    using in any manner whatsoever the Infringing Design or any design that is confusingly similar to the Mark or any colorable imitation thereof in connection with the advertising, promotion, offering for sale of potato chips and other snack food products; and

    (ii)    otherwise competing unfairly with Martin's;

B.    Ordering that Deep River be adjudged to have violated Sections 32, 43(a) and 43(c) of the Lanham Act, 15 U.S.C. §§ 1114 and 1125(a) and to have committed acts of trademark infringement and unfair competition in violation of Pennsylvania common law, and further ordering that the foregoing acts by Deep River be adjudged to have been done willfully and deliberately;

C.    Ordering an accounting of all gains, profits, savings and advantages realized by Deep River from its aforesaid acts of trademark infringement, false designation of origin and unfair competition;

D. Awarding such damages as Martin's shall establish in consequence of Deep River's aforesaid acts of trademark infringement, false designation of origin and unfair competition, together with appropriate interest thereon, including three times the amount found as actual damages by the trier of fact to properly compensate Martin's for its damages, pursuant to 15 U.S.C. § 1117(a);

E. Awarding Martin's its costs and expenses of this action;

F. Declaring that this is an exceptional case, pursuant to 15 U.S.C. § 1117, because of the willful and deliberate nature of Deep River's acts of trademark infringement, false designation of origin and unfair competition, and awarding Martin's its reasonable attorneys' fees;

G. Ordering that, pursuant to Section 34(a) of the Lanham Act, 15 U.S.C. § 1116(a), Deep River shall serve upon Martin's within thirty (30) days after service on Deep River of an injunction, or such extended period as the Court may direct, a report in writing under oath setting forth in detail the manner and form in which Deep River has complied with the injunction; and

H. Granting such other and further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Martin's hereby demands a trial by jury on all issues so triable.

McNEES WALLACE & NURICK LLC

Dated: August 31, 2016         By   /s/ Carol Steinour Young
                                    Carol Steinour Young
                                    100 Pine Street
                                    P.O. Box 1166
                                    Harrisburg, PA 17108-1166
                                    (717) 232-8000
                                    Telephone: (717) 237-5342
                                    Facsimile: (717) 237-1768

Attorneys for Martin's Potato Chips, Inc.